# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

RISHEENBHAI PATEL and
KOMALBEN PATEL,,

Plaintiffs,

-vs-                                                    Case No.  6:15-cv-198-Orl-28DAB

GOLDSPOT STORES, LLC, a
Florida Limited Liability Company,
and SHITALBEN PATEL,
Individually,

Defendants.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

  This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM (Doc. No. 18)** |
| **FILED:** | **April 15, 2015** |

_____

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

  According to the pleadings, Defendant Goldspot Stores, LLC ("Goldspot") is the owner and

operator of a convenience store which once employed Plaintiffs.  Plaintiffs sue Goldspot and

Shitalben Patel[1] pursuant to the Fair Labor Standards Act ("FLSA"), alleging unpaid overtime wages.

Defendants filed an Answer and Affirmative Defenses, and Goldspot filed a counterclaim against

_____

[1]Defendant Patel is alleged to be a statutory employer.

Plaintiffs for unjust enrichment and conversion, alleging that Plaintiffs misappropriated lottery tickets at the store.  Plaintiffs now move to dismiss the counterclaim for lack of subject matter jurisdiction. Goldspot has filed its response brief (Doc. 19), and the matter has been referred to the undersigned for a report and recommendation.  For the following reasons, it is **respectfully recommended** that the motion be **granted** and the counterclaim be **dismissed, without prejudice.**

*Discussion*

"The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005).  Here, the Court has original jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331.  The claims pled in the counterclaim, however, arise under state law and there is no showing that they meet the requirements for diversity jurisdiction under 28 U.S.C. § 1332.  Accordingly, the Court has no independent jurisdiction over these claims, but has subject matter jurisdiction only if supplemental jurisdiction is authorized under 28 U.S.C. §1367.  As this Court has observed:

> Under 28 U.S.C. § 1367(a), when a federal district court has original jurisdiction in any civil action, the court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Eleventh Circuit has held that § 1367 gives federal courts the power to exercise supplemental jurisdiction over all state law claims that arise out of a common nucleus of operative fact with a substantial federal claim. *Lucero v. Trosch,* 121 F.3d 591, 597 (11th Cir.1997) (*citing United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724–25, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). Section 1367 also gives the Court the discretion to decline to exercise supplemental jurisdiction over a claim arising under state law when: (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). "If, after examining the factors listed in § 1367(c), the district court decides that it has the discretion to decline to [exercise] jurisdiction, it should consider the traditional rationales for pendent jurisdiction in deciding whether or not to exercise that jurisdiction, including judicial economy, convenience, fairness to the parties, and

whether all the claims would be expected to be tried together." *Cruz v. Winter Garden Realty, LLC*, No. 6:12–cv–1098-Orl–22KRS, 2012 WL 6212909, *2–3 (M.D.Fla. Nov. 27, 2012), citing *Palmer,* 22 F.3d at 1569, *Gibbs,* 383 U.S. at 725–27.

*Beltran v. Medcure, Inc.*, NO. 6:13-CV-234-ORL-28; 2013 WL 3833208, *2 -3 (M.D. Fla. July 23, 2013).

Although the parties disagree on whether the counterclaim here is permissive under Federal Rule 13(b) or compulsory under Federal Rule 13(a), the Court need not delve into that distinction as "[t]he appropriate focus is whether the counterclaim satisfies the requirements of § 1367-- that is, whether the state law claims are so related to a federal claim as to form part of the same case or controversy under Article III of the Constitution--rather than on whether the counterclaim is compulsory or permissive." *Id.,* 2013 WL 3833208, at *3 (internal citations omitted).  Upon review, the claims for misappropriation are not so related.

Goldspot asserts that because its "damages all arose from the same employment relationship which forms the basis of the initial claims brought by the Plaintiffs," the Court has jurisdiction.  As Chief Judge Steele of the Southern District of Alabama noted on very similar facts:

> In applying the "common nucleus" test, "[w]e take the nucleus of facts on which the federal question claims are based and compare it to the nucleus of facts on which the state law claims are based." *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 2012 WL 5835120 at *8 (11th Cir. 2012). The nucleus of operative fact for the plaintiff's claims is that he worked and was not paid. The nucleus of operative fact for the defendants' counterclaims is that the plaintiff used property of the defendants without their permission. The only overlapping fact in this nucleus is that the plaintiff was employed by the defendants. The defendants' cursory treatment includes no citation to any authority, much less to any authority that extends so far the concept of "same case or controversy," and the Court declines to conduct the necessary research on their behalf.

*Shepherd v. Kelley*,  No. 12–0424–WS–B, 2013 WL 105284, at *2 (S.D. Ala. Jan. 8, 2013) (dismissing counterclaim in FLSA case, without prejudice, for lack of jurisdiction).  Here, too, the only connection between an action for unpaid wages and the alleged misappropriation is that Plaintiffs

were employed by Goldspot at the time.  This is not enough.  The counterclaim is not so related to the FLSA claim that they form the same case or controversy.  Jurisdiction is not shown.

Goldspot attempts to avoid dismissal by contending that "the Court has jurisdiction to hear the issues raised in counter-claim as those issues support the affirmative defense of set-off."  An affirmative *defense* of set-off is not the same thing as a claim seeking an award of damages for unjust enrichment or conversion.  Moreover, the role of the affirmative defense of set-off is limited here.

In *Brennan v. Heard*, the former Fifth Circuit considered the applicability of set-offs in the FLSA context, and concluded: "Set-offs against back pay awards deprive the employee of the 'cash in hand' contemplated by the Act, and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions, whether the suit is initiated by individual employees or by the Secretary of Labor." 491 F.2d 1, 4 (5th Cir.1974), *overruled on other grounds*, *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988). In *Singer v. City of Waco, Tex.*, 324 F.3d 813 (5th Cir. 2003), the Fifth Circuit clarified that *Brennan* does not prohibit a set-off when the set-off will not cause a plaintiff's wages to fall under the statutory minimum. 324 F.3d at 828 n. 9.  Thus, in an overpayment scenario, for example, the amount of overpayment could properly be set-off.  This is not an overpayment case, however, and any damages incurred due to the alleged misappropriation, if allowed as set-off, would necessarily reduce the wage claim.  As such, Goldspot's attempt to litigate its misappropriation claims under the affirmative defense of set-off is not cognizable in this context.

It is therefore **recommended** that the motion to dismiss be **granted** and the counterclaims be **dismissed,** without prejudice to pursuit of the misappropriation claims, if desired, in the appropriate state forum.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 1, 2015.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy